ARBUCKLE BROS. *v.* MCCUTCHEON *et al.*

(*Knoxville.*    September Term, 1903.)

1. **TAXATION.**  Back assessment by county court clerk must set
    out the amount of taxes due.

    Where under the statute providing for the back or reassessment
    of property, the county court clerk is empowered both to back
    or reassess and to collect the taxes of merchants, in. order
    that such assessment may be valid it must contain a state-
    ment of the amount of taxes due.  (*Post, pp.* 516-519.)

    Statute cited and construed:  Acts of 1901, ch. 174, sec. 31.

    Case cited and approved:  Wilson v. Benton, 11 Lea, 51-55.

2. **CONSTITUTIONAL LAW.**  The assessment act of 1901 em-
    braces but one subject.

    The assessment act of 1901, entitled "An act to provide more
    just and equitable laws for the assessment of  revenue for
    State, county and municipal purposes," etc., is not uncon-
    stitutional as containing a subject not covered by the title by
    reason of the fact that it provides for the appointment of rev-
    enue agents and prescribes their duties.  This provision falls
    fairly within the title of the act, the general subject or pur-
    pose of which is the providing of revenue. State, county and
    municipal, and the revenue agents are mere instrumentalities
    to. effectuate the general purposes of the act.  (*Post, pp.* 519-
    520.)

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County.—
T. M. MCCONNELL, Chancellor.

R. P. WOODARD, for Arbuckle Bros.

ATTORNEY-GENERAL CATES and OSCAR T. PEOPLES, for McCutcheon.

----

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill in this case was brought to recover of the clerk of the county court of Hamilton county certain taxes which the complainant paid him under protest as taxes claimed by the State, and also to enjoin the clerk from proceeding to collect certain taxes claimed by the county of Hamilton.

The bill states three grounds of relief: First, that complainants were, during the time covered by the assessment complained of, engaged in interstate commerce, and hence they were not taxable as merchants or otherwise in Tennessee, their place of business being in the city of New York; secondly, that the assessment is void, because it does not comply with the statute; thirdly, that the act under which the assessment was made is unconstitutional, because it contains two subjects, one of which is not covered by the title or caption.

In the view we take of this matter, it is not necessary that the first point should be considered.

We think the second point is well taken.

The assessment complained of is in the following language:

"In re the Back Assessment of Arbuckle Bros. Coffee Co.

"Before J. N. McCutcheon, County Court Clerk.

"In the matter of the back assessment of Arbuckle Bros. Coffee Co. for the years 1899, 1900, 1901, and 1902, said Arbuckle Bros. were cited to appear on the third day of May, 1902, and which by consent was continued until the seventeenth day of May, 1902, and to show cause why the average stock carried by said Arbuckle Bros. Coffee Co. for doing a mercantile business in Hamilton county, State of Tennessee, for said years should not be assessed upon complaint and information by John D. Caldwell, State revenue agent of Tennessee. And the said Arbuckle Bros. having appeared by agent and counsel, and a full and complete hearing of the matter being had upon the motion of said John D. Caldwell, revenue agent, the citation issued thereon, the plea of said Arbuckle Bros. and all the proof introduced and the condition and character of the business of said Arbuckle Bros. being examined into, I am of the opinion that said Arbuckle Bros. have been and are now doing a mercantile business and have not paid a mercantile tax for the years 1899, 1900, and 1901.

"I therefore find that said Arbuckle Bros. Coffee Co. are liable for a mercantile tax, and that a reasonable assessment of the average stock carried for the year 1899 would be one thousand ($1,000) dollars; for the year 1900, one thousand ($1,000) dollars; for the year 1901, one thousand ($1,000) dollars.

"I therefore back assess said Arbuckle Bros. for the year 1899, on a valuation of one thousand ($1,000.00) dollars; for the year 1900, on a valuation of one thousand ($1,000) dollars; for the year 1901, on a valuation of one thousand ($1,000) dollars. This twenty-fourth day of May, 1902.

"J. N. McCUTCHEON, County Court Clerk."

This assessment is void in that it does not contain a statement of the amount of taxes due. This is required under a true construction of section 31, c. 174, p. 334, Act 1901, under which it was made.

This section, after setting out the circumstances under which back assessments shall be made and the officers— among others, the county court clerk—who shall make them, proceeds: "Said officials herein vested with the power to back or reassess property s hall have full authority, in proceedings, to back or reassess such property, to make proper, correct and adequate assessments of the same at its actual cash value, which, when entered upon the taxbooks or filed in writing with the authorized tax collecting authority, shall become a final and valid assessment of the property, and collectible as such, as fully and amply as if originally entered upon the assessment rolls. Should it appear that any property had been assessed at less than its actual cash value, in violation or in disregard of the provisions of this act, the official back or reassessing the same shall add to the assessment a penalty of twenty-five per cent. upon the amount of the added tax, and the cost of the proceedings,

which said penalty and cost shall become a part of the taxes and collectible as such. If the proceeding is determined in favor of the owner of the property, the costs shall be paid by the county."

Upon the language quoted it seems clear that the legislature intended that in making the assessment the officer should state the amount of taxes due. It was so held construing similar statutes in *Wilson* v. *Benton,* 11 Lea, 51, 55. It is natural and reasonable, likewise, that this course should be pursued when the back assessment is made by the collecting officer himself, as in the present case; the county court clerk being the collecting officer for merchants' taxes.

A different course is prescribed in the statute for ordinary assessments. These are made by officers whose business it is only to make assessments. Hence it is not necessary or required, or even proper, that they should make extensions of the amount of taxes due. The books of the ordinary assessors are returned to the clerk of the county court, and he is required to make out from them a tax book, and deliver it to the trustee. These tax books are required to be made out by districts, to be ruled in appropriate columns, to show the names of owners in alphabetical order, the number of lots and blocks, number of acres, description of the property as contained in the assessment rolls, the value of each lot, tract, or parcel of land, the valuation of personal property, under appropriate heads, and the total valuation of real and personal property against each taxpayer, the amount of poll

taxes due according to the assessment books; and it is also required that on the total valuation of the real property of each taxpayer the State, county, special road, school, and municipal taxes shall be extended in appropriate columns separately, according to and at the rate levied by the proper authority for each of said purposes; and that a column shall be added showing the total of all taxes levied and to be collected from each taxpayer. Acts 1901, p. 348, c. 174, section 40.

The provisions of the section just referred to do not apply to a tax-collecting officer making back assessments, although in setting out the amount of taxes due he would no doubt do well to itemize in the manner referred to therein.

We do not think the third point is well taken. The objection made under this head is that section 81, p. 373, of the act above referred to, provides for revenue agents, and defines their duties. We think these provisions fall fairly within the title of the act, which is as follows: "An act to provide more just and equitable laws, for the assessment and collection of revenue for State, county and municipal purposes, and to repeal all laws in conflict with the provisions of this act, whereby revenue is collected from the assessment of real estate, personal property, privileges and polls." The general subject embraced by this language is the providing of revenue for the State, counties, and municipalities of the State. The revenue agents are mere instrumentalities to effectuate the general purpose of the act.

On the second ground stated, however, it must be held that the complainant is entitled to recover the amount sued for, and to have an injunction against the enforcement of the illegal assessment above mentioned.

Before closing this opinion it is proper to say that counsel for complainant on the first point attempted to differentiate the case made in the bill as to the interstate commerce controversy from *American Steel & Wire Co.* v. *R. A. Speed, Clerk,* 2 Cates, 524, 75 S. W., 1037. While the present case is very much like the case referred to, and probably falls within that decision, we have not thought it necessary to go into that matter; but, to prevent future misapprehension, we direct that the decree which shall be entered in the case shall show the ground on which the affirmance of the chancellor's decree is herein rested.

It results that the chancellor's decree is affirmed, as above stated.